Curia,

per Frost, J.
The deed from the sheriff to the plaintiff describes the land conveyed as “ all that certain piece, parcel or tract of land, containing one hundred and ninety acres, more or less, situate and being in the district of Barnwell, bounded on the lands of William Nimmons, the defendant, and others.” Under this description, the plaintiff claims a tract of eight hundred and forty-three acres, originally granted to Mayne. The tract claimed satisfies the description in the deed so far as that land óf Joshua Smith, “ the defendant,” is found on one side; and, on another, the land of Lane, which, a few years before the date of the deed, had belonged to Nimmons.
In order to give effect to a deed it is necessary that it should contain such a designation of the thing granted that it may be identified by the description. Land may be described by the name of the owner or occupant, or by the name of the tract, if, by either, the tract is well and commonly known; or by boundaries; or by reference to a *6 plat; or by the number of acres. The certainty of the description depends on the accuracy with which these terms are applied. By the usé of one, or all of them, the subject must be so described, that it may, with reasonable certainty, be identified. The rules defining the certainty necessary in the description in a deed must be few and very general. In Sheppard’s Touchstone two are given, pertinent to this case. First; where there is, in the first place, a sufficient certainty and demonstration : and after-wards, an additional term of description, which fails in point of accuracy, it may be rejected as surplusage: and, second, that if the terms of designation, which are essential to the description, cannot be satisfied, the grant must fail of eifect entirely,; or so far as the terms of description cannot be satisfied.
An example of the first rule is found in the case of Briggs' ads. Peay, 2 Mill, 98, where the deed described the land by metes and bounds and reference to a plat, and by the number of acres it was said to contain, more or less. It was held to pass all the land within the limits described, whatever the number of acres might be. In Barksdale vs. Toomer, Harp. 290, the description in the deed was: “ That plantation, situate, <fec. now in the occupation of A. V. Toomer,” (the vendee) “containing nine hundred and eighty-six acres, be the same more or less. The number of acres was rejected as surplusage. These and other cases like them proceed on the ground that the first description by boundaries, or by a plat, or, as in the occupation of the vendee, was complete and definite; so as to make it apparent that the track was sold by the described limits, and not by the number of acres it might contain. If such description be clear and demonstrative, it must prevail against additional and inconsistent terms of description, which may be rejected as surplusage.
But ordinarily, land being purchased and estimated in value by the quantity, the number of acres, which form the principal consideration in the price, should be treated as a very material part of the description. In Talbot vs. Mason, 2 McC. 440, the tract was described in the deed as “ containing three hundred and sixty acres, bounded on *7 lands belonging to James McCrachen, William Williams, Callet Conner, and otheis.” On a re-survey, it was found to contain only three hundred and forty-three acres. A discount for the deficiency was allowed. Nott, J. “Wher ther the number of acres, or the metes and bounds, constitute an essential part of the description, must depend on circumstances.” “ The land is not so described by metes and bounds as to furnish any data by which the number ot acres might be known. It is described as joining the lands of other persons, merely for the purpose of fixing the locality.” The principle to be deduced from the case is, that where there is not a sufficient certainty and demonstration of the land granted, expressed in the other terms of description, the number of acres is an essential part of the description. The case is an example of the second proposition of Sheppard’s second rule, that a grant fails so far as the essential terms of description cannot be satisfied; and that for such failure of consideration the vendee may claim an abatement from the stipulated price.
It may be objected to the application of Talbot vs. Mason to this case, that the erroneous description was matter of defence by the vendee; but that if the number of acres had exceeded, to the same extent, the quantity mentioned in the deed, the vendor could not have recovered for the excess, but the same would have vested in the vendee by force of the deed. If this were admitted, it would be in conformity to the rule that a deed shall be construed most strongly against the grantor ; and that though he may have relief against fraud or mistake, he cannot be relieved against his ignorance of the number of acres in an entire tract, described in the deed as sold to the extent of its boundaries. But the defendant in execution not being a party in person to the deed which conveys his land, the law of estoppel against a grantor does not apply, in its full extent, against him. The sheriff’s conveyance operates to transfer his title and interest in the property described in the deed, and to that extent he is estopped. But he may except to the sheriff’s deed of release on account of irregularity in the proceedings under which the sale was made; and may shew that the deed does not transfer to the plain *8 tiff the land which he claims; or that the description is so vague and uncertain that nothing passes by the deed.
It may be further objected, that the same degree of certainty is not required in the official deeds of the sheriff as in deeds between parties. There may be found some vague intimations to that effect; but they can avail little in practice ; because such less degree of certainty cannot be defined, and admits of no rules for its application. Every contract, by whomsoever made, must express the intention of the parties, and the subject of it, with such certainty, that the reciprocal rights and stipulations of the parties may be clearly and demonstrably ascertained. If less certainty than this were admitted to be sufficient for the judicial enforcement of contracts, rights and property would be subjected to arbitrary disposition; to require more, would be a denial of justice.
The two boundaries by which the plaintiff claims, do not afford any certainty and demonstration of the grant. By reference to the plat, it appears that they do not enclose the tract, but leave the extent of it wholly undefined. In Talbot vs. Mason, a more complete description by boundaries was held to fix only the locality. To reject the number of acres would destroy the only certainty in the description by which the land was sold and bought. Giving effect to the number of acres mentioned in the deed, as an essential part of the description, it does not appear that the tract found for the plaintiff in this suit was the same which was conveyed to him by the sheriff. A tract answering to the other imperfect terms of description, but containing eight hundred and forty-three acres, is not the same which was described as containing one hundred and ninety acres. The sheriff conveyed to the plaintiff a tract containing this quantity. Either it does not exist, or the plaintiff has not produced the proof of its location. In order that the plaintiff may recover, he, must satisfy the essential terms of the description by which the subject of the grant to him was designated in the deed under which he claims title. This he failed to do. But as he may supply the proof, a new trial is ordered.
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.